22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DOCKET NO. 2017-30034                                    DIVISION "F"

SUCCESSION

OF

MADELINE DALE WOOD TONTI

FILED: _____            _____
                                                    DEPUTY CLERK

### PROTECTIVE ORDER

The parties to this proceeding, namely M. Michele Tonti and Suzanne M. Tonti, in their individual and representative capacities, jointly agree that the above-captioned case involves information that the parties may consider to be confidential, sensitive, proprietary, privileged, and/or protected by statutory, jurisprudential, and/or other privileges and protections. Therefore, on joint motion of all current parties, a Protective Order is hereby entered as follows pursuant to the Louisiana Code of Civil Procedure:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures, including those of electronically stored information, in this case:

#### Definitions

1. The term "**Confidential Information**" and/or "**Confidential Materials**" shall mean all nonpublic information of a confidential nature, designated as such by the parties herein, consistent with the provisions of Paragraph 4, whether of a written, printed, typed, electronic, or recorded graphic form, however produced or reproduced, produced by any party subsequent to the date of entry of this Protective Order.

2. The term "**Representatives**" shall include the parties' managers, members, officers, employees, trustees, beneficiaries, accountants, counsel, their secretaries, and legal assistants, and any experts, litigation-support vendors, or other support personnel required to assist counsel with the above-captioned litigation, to whom the receiving party may furnish the Confidential Information received pursuant to this Order, subject to the terms and limitations of this Order.

3. The term "Other Authorized Reviewers" shall mean the Courts (including any appellate court), court personnel, court reporters and videographers who are retained to transcribe or videotape testimony in this case; any person who, from the face of the document, appears to have written or received the document designated "Confidential" or is reasonably believed to have been provided access to the material in the ordinary course of his or her business; and actual or potential witnesses, provided that there is a reasonable basis to believe that such person will possess relevant information or knowledge regarding such material or will give relevant testimony regarding the material.

### Confidentiality

4. Any party producing documents or other materials it deems to contain confidential information shall so indicate by marking the copies of those documents with the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." A party may designate as confidential or protected any document that it maintains as confidential in the ordinary course of business, that it considers to have commercial value, or that could cause substantial harm to the producing party if disclosed to its competitors or others within the same business or industry. Additionally, any party may designate as confidential any financial and/or medical information for natural persons (*e.g.*, employees). Any documents so designated, and the contents thereof, shall be treated as Confidential Information, pursuant to this Order, unless and until the Court orders otherwise. If any party to this Order shall object to the designation of a document or its contents as confidential information, then the objecting party may apply to the Court for an order confirming or rejecting that designation. Pending a ruling by the Court on the objection, the terms of this Order shall remain in effect.

5. Except as otherwise provided or permitted herein, the parties shall, and shall cause their Representatives and Other Authorized Reviewers over whom they have control to use the Confidential Information solely for the purpose of the litigation, keep the Confidential Information strictly confidential, and, subject to the terms herein below, will not, and will cause their Representatives and Other Authorized Reviewers over whom they have control not to, disclose any of the Confidential Information in any manner whatsoever. Prior to providing Confidential Information to a Representative or Other Authorized Reviewer over whom it has



control, the receiving party shall inform his or her Representative or Reviewer of the confidential nature of the Confidential Information and require such Representative to comply with the provisions of paragraph 9 below. The receiving party agrees to be responsible and liable for any breach of this Order by said receiving party or by any of such receiving party's Representative(s) or Other Authorized Reviewer(s) over whom it has control. This Order does not grant a party or any others any license to use the Confidential Information except as provided herein. Parties and any of their Representatives or Other Authorized Reviewers over whom they have control shall not disclose the Confidential Information received in connection with this Order to any third party without the prior written approval of the producing party. The receiving parties agree to take reasonable precautions, at least as great as the precautions they take to protect their own confidential information of a similar nature, to keep the Confidential Information strictly confidential in accordance with the terms of this Order and to be responsible for compliance with this Order by their Representatives.

6. Any material that is being produced in an electronic format, whether by CD-ROM, computer disk, DVD, or otherwise, may be designated as confidential by marking the medium containing the information as such.

7. All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that reproduce or otherwise contain Confidential Information and/or Confidential Materials, if filed with the Court, shall be filed as sealed documents and the Court hereby authorizes the sealed filing of the same. This Order shall serve as the Court's leave to file such confidential materials under seal, and the parties need not first seek the Court's leave to file such confidential materials under seal for each such filing. The Parties, however, shall endeavor to limit the scope of sealed filings. If the Confidential Information and/or Confidential Materials associated with such a filing can be confined to an exhibit, then only the exhibit shall be filed under seal. Moreover, even when materials/documents/information are/is filed under seal, nothing shall preclude a party from filing an unsealed version of the pleading if the Confidential Information and/or Confidential Materials is fully redacted. Any unredacted courtesy copies sent to chambers shall be filed in an

envelope labeled with the caption of the suit, a description of the contents of the envelope, the word "Confidential" and the following statement:

> THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE PARTIES IN THIS LITIGATION, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES WHOSE CONFIDENTIAL INFORMATION IS CONTAINED WITHIN.

8. Inadvertent or unintentional disclosure of any document or information in this proceeding shall be without prejudice to any claims that such material is Confidential Information, privileged, work product or otherwise protected from discovery, and no party shall be held to have waived any rights by such disclosure. Any document or information so disclosed and subject to a subsequent claim of confidentiality, privilege, work product or other protection, shall be returned immediately to the appropriate party and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (a) the consent of said party or (b) by order of the Court, nor will such document or information be subject to production (other than *in camera*) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

9. Any party may, in the course of a deposition, or any time within five (5) days after receipt of the transcript thereof, designate all or part of the testimony in the deposition as confidential. Until the five-day period for designation of testimony as confidential has expired, the entire deposition transcript shall be deemed confidential and treated as confidential pursuant to this Order. If any party designates all or any part of a deposition as confidential, the part of the testimony so designated shall be treated as though it were a document designated confidential pursuant to paragraph 1 hereof. The remainder of the deposition transcript shall not be subject to the terms of this Order. Confidential Information shall not lose its confidential character simply because the information is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as confidential. At the request of any party, attendance at depositions may be restricted during the disclosure of confidential information to those persons who are authorized to have access to the confidential information.

Submitted Date: 9/14/2020 1:05 PM File Date: 9/16/2020 8:30 AM Case Number: 201730034 St. Tammany Parish, LA Deputy Clerk: Courtney Hebert



10. In the event that any Confidential Information disclosed pursuant to this Order is used in any pleading, hearing, or trial in connection with this litigation, it shall not lose its confidential status through such use. The parties shall take all steps reasonably required to protect its confidentiality during such use, including clearing the courtroom during the introduction of such testimony and sealing the resulting portion of the hearing or trial transcript.

11. Confidential Information shall not be shown or communicated in any way inconsistent with this Order. No person receiving Confidential Information pursuant to the terms of this Order shall disclose it to anyone except as expressly allowed by this Order.

12. All Confidential Information produced by any party shall be disclosed only to the parties herein, Representatives as defined herein, and Other Authorized Reviewers as defined herein.

    a. All Parties and Representatives as defined herein shall sign a document in the form of Exhibit "A" attached hereto in advance of the disclosure of Confidential Information, which document shall be maintained by their respective counsel, with a copy to each other parties' counsel.

    b. All Other Authorized Reviewers who are actual or potential witnesses shall sign a document in the form of Exhibit "A" attached hereto in advance of the disclosure of Confidential Information (which document shall be maintained by their respective counsel, with a copy to each other party's counsel) and will not be permitted to keep a copy of the confidential documents or information.

13. Notwithstanding the foregoing paragraph, and subject to paragraph 4, Confidential Information may also be disclosed to the Court, its personnel, court reporters and videographers attending or transcribing a deposition containing Confidential Information, and any other person designated to receive Confidential Information by: (a) stipulation of the producing party; or (b) order of the Court.

14. If Confidential Information in the possession of a party is subpoenaed or requested by any court or any other individual or entity, the party to whom the subpoena is directed ("Subpoenaed Party") shall immediately notify counsel for the producing party. Such notice to counsel for the producing party shall (a) be in writing, sent via email and/or

Submitted Date: 9/14/2020 1:05 PM  File Date: 9/16/2020 8:30 AM Case Number: 201730034  St. Tammany Parish, LA  Deputy Clerk: Courtney Hebert

overnight courier within five (5) business days of receipt of the subpoena or other process requesting the Confidential Information, (b) identify the document(s) or materials sought, and (c) enclose a copy of the subpoena or other process. The Subpoenaed Party shall also promptly notify the subpoenaing court, individual, or entity of the existence of this Order and that the information demanded has been identified as confidential pursuant to this Order. The Subpoenaed Party shall not produce the requested Confidential Information until the latest of (a) five (5) business days after the producing party's receipt of written notice from the Subpoenaed Party, or (b) the return date of the subpoena. A party's voluntary compliance with a subpoena for that party's Confidential Information shall not be construed as a waiver of the confidentiality provisions of this Order.

15. This Order does not limit the right of the producing party to use its own Confidential Information for any purpose.

16. Nothing in this Order will be deemed a waiver of: any right any party otherwise might have under the Louisiana Code of Evidence or the doctrines of attorney-client privilege or attorney work product; any right of any responding or producing party to object to the production or disclosure of documents, tangible things, or electronically stored information; any party's right to seek an order compelling discovery with respect to any discovery request; any party's right to seek supplemental or amending protective orders further restricting the use of information produced under this Order or during discovery; any party's right to object to any discovery, on any proper ground as provided by the Louisiana Code of Civil Procedure; any party's rights to object to the admission of Confidential Information into evidence; or the status of any material as a trade secret.

17. This Order shall be without prejudice to the right of the parties to request additional or differing protection, including moving to dissolve or set aside this Order in whole or in part. This Order may only be modified by subsequent court order.

18. The confidentiality provisions of this Order are continuing, and unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Documents or testimony designated as confidential by any party shall be treated as such by the parties receiving it, pursuant to this



Order, unless otherwise ordered by this Court. The party receiving Confidential Information shall have the right to challenge the confidential designation of any information or documents, or any portion thereof. In the event of such a challenge, the producing party shall have the burden of proving that the information, material, or document designated as confidential is entitled to protection and complies with the definition of confidential as set out in paragraph 1 above.

19. This Court shall retain jurisdiction over this action and the parties hereto for the purposes of any challenges to the confidentiality of documents produced pursuant to this Order, or claims of violations thereof. Each person who receives Confidential Information agrees to submit to the jurisdiction of this Court solely for purposes of any and all proceedings relating to compliance with or violation of this Order, and shall be put on notice that violation of the Order shall subject that person to potential liability for contempt of Court.

20. The provisions of this Order shall inure to the benefit of and be binding upon any successor managers, members, executors, liquidators, guardians, tutors, custodians, trustees, beneficiaries, heirs, legatees, shareholders, directors, officers, and/or partners of any trust, estate, corporation, limited liability corporation, partnership, and/or similar entity. The provisions of this Order shall not inure to the benefit of any managers, members, executors, liquidators, guardians, tutors, custodians, trustees, beneficiaries, heirs, legatees, shareholders, directors, officers, and/or partners of any trust, estate, corporation, limited liability corporation and/or partnership who is removed, who resigns, or whose interest is purchased or for any other reason and such former managers members, successor trustees, executors, liquidators, guardians, tutors, custodians, heirs, legatees, beneficiaries, shareholders, directors, officers, and/or partners may not avail themselves of any remedy available under this Order as a result of any disclosure of Confidential Information, except as such disclosure relates to any personal and/or medical information.

21. All notices required by this Order shall be delivered by email and/or overnight courier to counsel of record in this proceeding.

22. All parties hereto will sign an acknowledgement of the entry of this Court Order prior to Confidential Information being disclosed to them or their respective Representatives or Authorized Reviewers in the form of Exhibit "A" attached hereto.



23. Nothing contained herein shall prevent any party, Representative, or Other Authorized Reviewer from using any Confidential Information produced pursuant to this Order in connection with any legal action with a related party, provided, however, that any such use shall be subject to and governed by the provisions of this Order.

24. The parties reserve all rights to move to modify, alter, or dissolve this order at any time.

COVINGTON, LOUISIANA, this 21st day of September, 2020.

_____
DISTRICT JUDGE

APPROVED:

_____  _____
DOROTHY H. WIMBERLY (Bar No. 18509)   ANDREW R. LEE (Bar No. 21196)
ANDREW D. MENDEZ (Bar No. 26686)   TYLER J. RENCH (Bar No. 34049)
JUSTIN P. LEMAIRE (Bar No. 29948)   MICHAEL J. O'BRIEN (Bar No. 38852)
ERIN E. KRIKSCIUN (Bar No. 31052)   THOMAS C. WICKER, IV (Bar No. 37955)
STONE PIGMAN WALTHER WITTMANN L.L.C.   Jones Walker LLP
909 Poydras Street, Suite 3150   201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70112   New Orleans, Louisiana 70170
Telephone: (504) 581-3200   Telephone: (504) 582-8336
Facsimile: (504) 581-3361   Facsimile: (504) 589-8336
dwimberly@stonepigman.com   alee@joneswalker.com
amendez@stonepigman.com   trench@joneswalker.com
jlemaire@stonepigman.com   mobrien@joneswalker.com
ekriksciun@stonepigman.com   twicker@joneswalker.com

*Counsel for M. Michele Tonti*   *Counsel for Suzanne M. Tonti, in her capacity as Independent Executor of the Succession of Edmond C. Tonti*

{N4035995.4}  8  1"="1" "1285960v.1" "" 1285960v.1

_[signature]_

JASON A. CAVIGNAC (La. Bar No. 27990)
ROBERT E. COUHIG III (La. Bar No. 29811)
Couhig Partners LLC
3250 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 588-1288
Facsimile: (504) 588-9750
rcouhig@couhigpartners.com
jcavignac@couhigpartners.com

*Counsel for Defendant, Suzanne M. Tonti, Individually*

Submitted Date: 9/14/2020 1:05 PM  File Date: 9/16/2020 8:30 AM  Case Number: 201730034  St. Tammany Parish, LA  Deputy Clerk: Courtney Hebert

1"="1" "1285960v.1" "" 1285960v.1